IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INDEPENDENCE BLUE CROSS | : | NO. 22-2412 |

### MEMORANDUM

**Savage, J.**                                                                                                   **July 22, 2022**

Plaintiff, a transgender woman diagnosed with gender dysphoria,[1] moves to proceed anonymously in this action against Independence Blue Cross ("IBX"), alleging that it denied health insurance coverage for facial feminization surgery based on her sex and disability.[2] She contends that disclosure of her identity and transsexualism will cause her severe harm.[3]

### Analysis

Federal Rule of Civil Procedure 10(a) requires that the caption of the complaint contain the names of all parties. FED. R. CIV. P. 10(a). This rule embraces the principle that judicial proceedings are conducted in public. The public has a right to know who is

---

[1] "Gender dysphoria is the feeling of discomfort or distress that might occur in people whose gender identity differs from their sex assigned at birth or sex-related physical characteristics." Gender dysphoria, Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/gender-dysphoria/symptoms-causes/syc-20475255. It is "[a] concept designated in the [Diagnostic and Statistical Manual of Mental Disorders (DSM-5)] as clinically significant distress or impairment related to a strong desire to be of another gender, which may include desire to change primary and/or secondary sex characteristics. Not all transgender or gender diverse people experience dysphoria." What is Gender Dysphoria?, American Psychiatric Association, https://psychiatry.org/patients-families/gender-dysphoria/what-is-gender- dysphoria#:~:text=Gender%20dysphoria%3A%20A%20concept%20designated,gender%20diverse%20people%20experience%20dysphoria.

[2] Compl. ¶¶ 17, 21–22, 45–56, ECF No. 1; Pl.'s Mot. to Proceed in Anonymity, ECF No. 2.

[3] Mem. of Law in Supp. of Pl.'s Mot. to Proceed in Anonymity at 1–2, ECF No. 2-1 ["Anonymity Mem."]; Decl. of Pl. Jane Doe in Supp. of Her Mot. to Proceed in Anonymity ¶¶ 5–7, ECF No. 2-2 ["Doe Decl."].

using the courts. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). Using a pseudonym encroaches on that right. *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

The right of public access to judicial proceedings is not absolute. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780–81 (3d Cir. 1994) (citations omitted). Although pseudonyms infringe on that right, a party may proceed anonymously in exceptional cases. *Megless*, 654 F.3d at 408. Courts have allowed plaintiffs to use a pseudonym in cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id.* (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)).

To proceed anonymously, the moving party must demonstrate that she has a reasonable fear of severe harm. *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Mere embarrassment or economic harm is not enough. *Id.* (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)).

If the party shows reasonable fear of severe harm, we balance the party's interest in anonymity against the public interest in open judicial proceedings. *Id.* (citations omitted). If the party's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings, the party may proceed anonymously.

Plaintiff has shown a reasonable fear of severe harm. She avers that she has "been insulated, isolated, and assaulted for being trans."[4] She fears that disclosure of

---

[4] Doe Decl. ¶¶ 3–4.

her personal identity will cause her "severe harm because of society's discrimination against trans people."[5]  Her fears are reasonable.

According to the National Center for Transgender Equality's Report of the 2015 U.S. Transgender Survey, there are "disturbing patterns of mistreatment and discrimination and startling disparities between transgender people in the survey and the U.S. population when it comes to the most basic elements of life, such as finding a job, having a place to live, accessing medical care, and enjoying the support of family and community."[6]  Respondents experienced high rates of harassment and violence.  For example, 46% of respondents experienced verbal harassment and 9% were physically attacked in the past year.[7]  Of those who held a job in the past year, 30% experienced some form of discrimination, including termination, denial of promotion, harassment, or assault,[8]  and 77% reported taking steps to avoid discrimination such as hiding or deferring their transition or quitting their job.[9]

These dangers are real.  Plaintiff has a genuine and reasonable fear of severe harm if she is not permitted to litigate under a pseudonym.  *See, e.g., Doe v. Genesis HealthCare*, 535 F. Supp. 3d 335, 340–41 (E.D. Pa. 2021); *Delaware Valley Aesthetics, PLLC v. Doe 1*, No. 20-0456, 2021 WL 2681286, at *3–7 (E.D. Pa. June 30, 2021); *Doe v. Triangle Doughnuts, LLC*, No. 19-5275, 2020 WL 3425150, at *5–6 (E.D. Pa. June 23,

---

[5] *Id.* ¶ 6.

[6] SANDY E. JAMES, JODY L. HERMAN, SUSAN RANKIN, MARA KEISLING, LISA MOTTET, & MA'AYAN ANAFI, NAT'L CTR. FOR TRANSGENDER EQUAL., THE REPORT OF THE 2015 U.S. TRANSGENDER SURVEY 8 (2016), https://transequality.org/sites/default/files/docs/usts/USTS-Full-Report-Dec17.pdf.

[7] *Id.* 202.

[8] *Id.* 152.

[9] *Id.*

3

2020).  Indeed, "[t]he excrutiatingly [sic] private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (citations omitted).

Plaintiff having established that she has a reasonable fear of severe harm if she proceeds in her name, we balance the factors weighing for and against anonymity.

Factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Megless*, 654 F.3d at 409 (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 2011)).

Factors weighing against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467–68).

*Factors Favoring Anonymity*

The extent to which plaintiff's identity has been kept confidential factor favors anonymity. Plaintiff has not waived anonymity since commencing this lawsuit. She has not publicly identified herself as transgender. She has revealed that she is transgender only to counsel, friends, family, and her health insurance provider.

Fear of disclosure of her identity is substantial and genuine, favoring anonymity. *See Megless*, 654 F.3d at 409 (quoting *Provident Life*, 176 F.R.D. at 467–68). Plaintiff seeks to avoid disclosure because she fears the "severe harm" she will suffer, including insults, isolation, and assaults.[10] She fears she would experience "significant stigma" if her transsexualism and "most intimate details of [her] anatomy and mental state are" disclosed.[11] She also believes she would suffer economic harm.[12] Her fears are real and reasonable. The risk of harm to plaintiff favors anonymity.

The public interest in maintaining the confidentiality of plaintiff's identity does not outweigh the need to protect her identity. In considering this factor, we ask if plaintiff "is forced to reveal . . . her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" *Id.* at 410. The answer is yes. As plaintiff correctly explained, "[t]rans people are stigmatized" and suffer abuse, mocking, harmful media comments, estrangement, suicide, and murder.[13] Future plaintiffs would be discouraged from pursuing discrimination litigation knowing their identities and transsexualism would be disclosed.

---

[10] Doe Decl. ¶¶ 4–7.

[11] Anonymity Mem. at 3–4.

[12] *Id.*

[13] *Id.*

The low public interest in knowing the litigant's identity favors anonymity. The parties may be interested in the legal issues in the case, but not plaintiff's identity. Her personal identity is not necessary to resolution of the legal issues in this case. Her identity can be disclosed to the defendant during the litigation without disclosing it publicly.

Whether plaintiff would refuse to pursue this case if her identity was public is neutral. She does not state that she would not pursue the case.

The abuse of any "illegitimate ulterior motives" favors plaintiff's anonymity. Plaintiff avers that she has "been insulted, isolated, and assaulted for being trans" and she "fear[s] that disclosure of [her] personal identity in this matter will cause [her] severe harm because of society's discrimination against trans people."[14] She is not requesting to proceed anonymously for any reason other than that fear.

### Factors Disfavoring Anonymity

There is no discernable significant public interest in disclosing of plaintiff's identity weighing in favor of disclosure. The issues can be considered and decided without revealing plaintiff's identity.

Plaintiff's identity does not concern matters generating a particularly strong public interest. Although the issues of whether facial feminization surgery for a transgender person is medically necessary and is a covered medical procedure are of interest, but that interest is not one shared generally by the public.

We do not see why there would be any opposition to use of a pseudonym by counsel or the public. If defendant later raises an objection, we can reconsider the question.

---

[14] Doe Decl. ¶ 6.

**Conclusion**

Plaintiff has demonstrated a reasonable fear of severe harm if her identity is disclosed. The factors favoring anonymity outweigh those favoring disclosure of the plaintiff's identity. Therefore, we shall grant plaintiff's motion to proceed in anonymity.